IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:03-CR-0259-T |
| | ) | WO |
| LEON CARMICHAEL, SR. and | ) | |
| FREDDIE WILLIAMS | ) | |

**<u>ORDER ON MOTION</u>**
**<u>and</u>**
**<u>PROTECTIVE ORDER FOR DISCOVERY FROM CLERK</u>**

For good cause shown, and pursuant to the provisions of 28 U.S.C. § 1867(f),[1] and the *Plan for the Random Selection of Grand and Petit Jurors for the United States District Court for the Middle District of Alabama,* ¶ 18a,[2] it is **ORDERED** that the *Clerk's Request for Order Regarding Disclosure of Jury Information* (Doc. 561, Oct. 18, 2005), construed

---

[1]28 U.S.C. §1867(f) provides:
> The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except pursuant to the district court plan or as may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c) of this section, until after the master jury wheel has been emptied and refilled pursuant to section 1863(b)(4) of this title, and all persons selected to serve as jurors before the master wheel was emptied have completed such service.  The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion.  Any person who discloses the contents of any record or paper in violation of this subsection may be fined not more than $1,000 or imprisoned not more than one year, or both.

[2]Pursuant to ¶ 18a of the *Plan* approved November 1, 2001, by this court:
> The contents of records or papers used by the Clerk in connection with the jury selection process shall not be disclosed to anyone except Court personnel at any time, without the express consent of the chief Judge, except pursuant to 28 U.S.C. 1867(a); (b), (c), and 1868.  On August 12, 2005, the Chief Judge of this court provided his authorization to this Magistrate Judge for such orders as may be necessary in response to discovery requests directed to the Clerk. (Doc. 501).

as a *Motion*, is hereby **GRANTED**.

## **PROTECTIVE ORDER**

**Accordingly, any authorized disclosures in this case of jury information by the Clerk or otherwise from the court's jury records shall be subject to the following restrictions,** which shall be binding on defendants and defense counsel, the United States, any agents, officers, or representatives of the parties, all persons involved in the gathering and production of the information disclosed, and all persons retained or otherwise associated by counsel to review and/or evaluate the information for the purpose of any expert opinions or other testimony.

### **1. General rule of non-disclosure**

No information discovered from the court's jury records and files shall be disclosed– whether in original, copied, or summary format – to any person not herein authorized.

### **2. Limited exceptions and parameters**

Information disclosed from the court's jury records and files *may be disclosed* to the following individuals only to the extent necessary or reasonably appropriate for the competent performance of legal and professional services in connection with pending challenges in this case to the court's jury selection procedures.

- defendants;

- and counsel of record for defendants and for the United States who are actively involved in the pending challenge to the court's jury selection procedures;

- partners, associates, secretaries, paralegals, assistants, or other agents or employees of counsel of record for defendants and for the United States who

are actively involved in the pending challenge to the court's jury selection procedures;

• professionals consulted and/or retained for "expert witness" evaluations, opinions, or testimony, provided that each understands and agrees that his receipt of these informational disclosures will submit him to the *in personam* jurisdiction of this court;

• officers, agents, employees, of the court whose official duties may involve this litigation.

### 3. Restrictions on dissemination

Consistent with reasonable expectations and the court's assurances of privacy and confidentiality for communications provided by citizens involved in the jury selection process, the parties shall undertake reasonable precautions to prevent the unauthorized dissemination of information provided pursuant to this Order in any format, including computerized or electronic formats. Information conveyed by the Clerk or discovered otherwise from the court's jury records and files shall not be saved to or stored in any computer hard drive or any other electronic format.

### 4. Re-delivery of Records

The parties shall return to the Clerk – not later than thirty (30) days after this court's final adjudication of defendants' pending challenge to its jury selection procedures – all confidential records and information provided pursuant to this Order, including all copies– and any summaries prepared from the records – in print, computer, or any other format, whether in the possession of defendants, counsel, expert witnesses, consultants, or any other persons authorized in Section 2 of this Order; *provided, however*, that counsel may retain

3

any information which is reasonably necessary for preparation and preservation of trial and appellate records.

### 5. Sanctions for Violations

Any violators of this *Protective Order* – including defendants – shall be in contempt of court and thereby subject to appropriate sanctions, including but not limited to, those authorized by 28 U.S.C. §1867(f) ("Any person who discloses the contents of any record or paper in violation of this subsection may be fined not more than $1,000 or imprisoned not more than one year, or both.")

**Counsel of record who are who are actively involved in the pending challenge to the court's jury selection procedures shall ensure that this Protective Order is disseminated and explained to any person who may be authorized by Section 2 to receive the informational disclosures which are the subject of this Protective Order.**

DONE this 20th day of October, 2005.

        **/s/ Delores R. Boyd**
        DELORES R. BOYD
        UNITED STATES MAGISTRATE JUDGE