IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 2:03-cr-0259-T |
| | ) | WO |
| LEON CARMICHAEL, SR. and | ) | |
| FREDDIE WILLIAMS | ) | |

### AMENDED PROTECTIVE ORDER FOR DISCOVERY FROM CLERK

For good cause , it is **ORDERED** that the *Protective Order for Discovery from the Clerk* (Doc. 563, Oct. 20, 2005), is hereby AMENDED to supplement Section 3 as indicated herein in bold print italics.  No other provisions are modified, and the amended document is reproduced below to facilitate convenient reference.

**Any authorized disclosures in this case of jury information by the Clerk or otherwise from the court's jury records shall be subject to the following restrictions,** which shall be binding on defendants and defense counsel, the United States, any agents, officers, or representatives of the parties, all persons involved in the gathering and production of the information disclosed, and all persons retained or otherwise associated by counsel to review and/or evaluate the information for the purpose of any expert opinions or other testimony.

### 1.  General rule of non-disclosure

No information discovered from the court's jury records and files shall  be  disclosed– whether in original, copied, or summary format – to any person not herein authorized.

### 2.  Limited exceptions and parameters

Information disclosed from the court's jury records and files  *may be disclosed* to the following individuals only to the extent necessary or reasonably appropriate for the competent

performance of legal and professional services  in connection with  pending challenges in this case to the court's jury selection procedures.

  • defendants;

  •and counsel of record for defendants and for the United States who are actively involved in the pending challenge to the court's jury selection procedures;

  • partners, associates, secretaries, paralegals, assistants, or other agents or employees of counsel of record for defendants and for the United States who are actively involved in the pending challenge to the court's jury selection procedures;

  • professionals consulted and/or retained for "expert witness" evaluations, opinions, or testimony, provided that each understands and agrees that his receipt of these informational disclosures will submit him  to the *in personam* jurisdiction of this court;

  • officers, agents, employees, of the court whose official duties may involve  this litigation.

**3.   Restrictions on dissemination**

Consistent with reasonable expectations and the court's assurances of privacy and confidentiality for communications provided by citizens involved in the jury selection process, the parties shall undertake reasonable precautions to prevent the unauthorized  dissemination of information provided pursuant to this Order in any format, including  computerized or electronic formats.  Information conveyed by the Clerk or discovered otherwise from the court's jury records and files  shall not be saved to *permanently*  or stored *permanently* in any computer hard drive or any other electronic format.  ***This restriction on the permanent copying, saving, and storage of information is not intended to, and shall not, prohibit professionals consulted and/or retained for "expert witness" evaluations, opinions, or testimony from using electronic or computer modems or means to copy, scan, reproduce, save, and/or store such information on a temporary basis in order to facilitate and/or expedite review, analysis, and reports.  All copies made, saved,  stored,***

*or otherwise reproduced in such formats shall be re-delivered to the Clerk in compliance with Section 4.*

### 4.  Re-delivery of Records

The parties shall return to the Clerk – not later than thirty (30) days after this court's final adjudication of defendants' pending challenge to its jury selection procedures – all confidential records and information provided pursuant to this Order, including all copies– and any summaries prepared from the records – in print, computer, or any other format, whether in the possession of defendants, counsel, expert witnesses, consultants, or any other persons authorized in Section 2 of this Order;  *provided, however*, that counsel may retain any information which is reasonably necessary for preparation and preservation of trial and appellate records.

### 5.  Sanctions for Violations

Any violators of this *Protective Order* – including defendants – shall be in contempt of court and thereby subject to appropriate sanctions, including but not limited to, those authorized by 28 U.S.C. §1867(f) ("Any person who discloses the contents of any record or paper in violation of this subsection may be fined not more than $1,000 or imprisoned not more than one year, or both.")

**Counsel of record who are who are actively involved in the pending challenge to the court's jury selection procedures shall ensure that this Protective Order is disseminated and explained to any person who may be authorized by Section 2 to receive the informational disclosures which are the subject of this Protective Order.**

DONE this 27th  day of October, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE

3